**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KYLE ROBERTSON,**                           **CASE NO. 2:10-cv-399**

     **Petitioner,**                              **JUDGE FROST**
                                     **MAGISTRATE JUDGE KEMP**

**v.**

**MICHAEL SHEETS, WARDEN
ROSS CORRECTIONAL
INSTITUTION,**

     **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

     Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on that petition, respondent's return of writ, petitioner's reply, respondent's supplemental response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED.**

**FACTS AND PROCEDURAL HISTORY**

     The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

     {¶2}Appellant was indicted by the Franklin County Grand Jury on 20 counts.  In summary, the indictment charged:

     Count 1 - Aggravated robbery with a firearm specification.

     Count 2 - Robbery by having a deadly weapon on or about his person or under his control "and/or" inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 3 - Robbery by having a deadly weapon on or about his person or under his control "and/or" using or threatening the immediate use of force against another, with a firearm specification.

Count 4 - Robbery by inflicting, attempting to inflict or threatening to inflict physical harm on another.

Count 5 - Robbery by using or threatening the immediate use of physical force against another.

Count 6 - Aggravated robbery, with a firearm specification.

Count 7 - Robbery by having a deadly weapon on or about his person or under his control and inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 8 - Robbery by having a deadly weapon on or about his person or under his control "and/or" using or threatening the immediate use of force against another, with a firearm specification.

Count 9 - Robbery by using or threatening the immediate use of force against another.

Count 10 - Robbery by using or threatening the immediate use of force against another.

Count 11 - Aggravated robbery, with a firearm specification.

Count 12 - Robbery by having a deadly weapon on or about his person or under his control "and/or" inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 13 - Robbery by using or threatening the immediate use of force against another, with a firearm specification.

Count 14 - Aggravated robbery, with a firearm specification.

Count 15 - Robbery by having a deadly weapon on or about his person or under his control "and/or" inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 16 - Robbery by using or threatening the immediate use of force

2

against another, with a firearm specification.

Counts 17 through 20 - Having a weapon while under a disability.

{¶ 3} Counts 1, 2, 3, and 17 were alleged to have been committed on June 11, 2006, at a Duke & Duchess store. Counts 4, 5, **681 6, 7, 8, 9, and 18 were alleged to have been committed on June 14, 2006, at a TJ Maxx store (Counts 4 and 5), a Meijer store (Counts 6, 7, and 8), and a CVS store (Count 9). Count 10 was alleged to have been committed on June 18, 2006, at an Ameristop store. Counts 11, 12, 13, and 19 were alleged to have been committed on June 19, 2006, at a Walgreen's store. Counts 14, 15, 16, and 20 were alleged to have been committed on June 20, 2006, at Andy's Carryout.

{¶ 4} Prior to trial, eight of the gun specifications were dismissed by the state. A jury trial was held starting October 29, 2007. The jury was unable to reach a verdict as to Count 4; acquitted appellant on Counts 5, 11, and 19; acquitted him on Count 10, but convicted him of the lesser included offense of attempted theft; and convicted appellant on the remaining 15 counts. The trial court sentenced appellant as follows:

Count 1: 4 years, plus 3 years mandatory for the gun specification;

Count 2: 3 years;

Count 3: 2 years;

Count 6: 4 years, plus 3 years mandatory for the gun specification;

 Count 7: 3 years;

Count 8: 2 years;

Count 9: 3 years;

Count 12: 3 years;

Count 13: 2 years;

Count 14: 4 years, plus 3 years mandatory for the gun specification;

Count 15: 3 years;

3

Count 16: 2 years;

Count 17: 1 year;

Count 18: 1 year;

Count 20: 1 year.FN1

FN1. Although appellant was convicted of the lesser included offense of attempted theft on Count 10 of the indictment, the court's sentencing entry states that he was acquitted on Count 10, and does not include any sentence as to the attempted theft conviction.

{¶ 5} The sentences on Counts 1, 6, 9, 12, 14, and 17 were ordered to be served consecutively to each other and to the three gun specifications. The sentences on the remaining counts were ordered to be served concurrently with each other and concurrently with the sentences on Counts 1, 6, 9, 12, 14, and 17, for a total of 28 years in prison.

*State v. Robertson*, 180 Ohio App.3d 365 (10th Dist. 2008).

Petitioner filed a notice of appeal and a motion for leave to file a delayed appeal.

*Exhibits 3 and 4 to Return of Writ.*  His motion for leave was granted.  *Exhibit 6 to Return*

*of Writ.*   Petitioner raised the following assignment of error on appeal:

Mr. Robertson's Ohio constitutional right to a grand jury indictment and Mr. Robertson's right to due process of law under the Ohio and Federal Constitutions were violated when his indictment contained duplicitous counts and omitted an element of the offense on the robbery counts.

*Exhibit 7 to Return of Writ.*

On December 30, 2008, the appellate court concluded that, pursuant to *State v.*

*Colon*, five of the robbery counts (3, 8, 9, 13, and 16) were defective for failing to allege

the mental state of recklessness for robbery under R.C. §2911.02(A)(3), and that

structural error resulted.  *State v. Robertson*, *supra*;  *Exhibit 9 to Return of Writ*.   The

appellate court sustained petitioner's assignment of error, reversed his convictions on

those five counts, and remanded the case for resentencing.  *Id*.  With respect to the

aggravated robbery counts, the appellate court held that, because aggravated robbery

under R.C. 2911.01(A)(1) is a strict liability offense, the indictment was not required to

set forth a culpable mental state.  *Id*.

Petitioner, proceeding pro se, filed a timely notice of appeal to the Ohio Supreme

Court setting forth the following proposition of law:

> A defective indictment denies a criminal defendant due process of law,
> violative of both Constitutions of the United States and Ohio, even when
> facts are different from facts surrounding offenses in "Colon I."

*Exhibit 10 to Return of Writ*.  The Ohio Supreme Court denied leave to appeal and

dismissed petitioner's case as not involving any substantial constitutional question.

*Exhibit 13 to Return of Writ*.

On October 2, 2009, petitioner's sentences on Counts 3, 8, 9, 13, and 16 were

reversed in accordance with *State v. Colon* and nolle prosequi by the State.  *Exhibit 14 to

Return of Writ*.  Petitioner was sentenced to 25 years on the remaining counts.  *Id*.

Petitioner did not appeal his resentencing.

On May 6, 2010, petitioner, still proceeding pro se, filed the instant petition for a

writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody

of the respondent in violation of the Constitution of the United States based upon the

following ground raised on the face of the petition:

> **Ground One**: Petitioner's right to be charged of every element of an
> offense under the Due Process Clause, was violated when the defendant's
> indictment failed to charge and the State failed to prove a mens rea
> element of the offense.

5

It is the position of the respondent that petitioner's claim is not cognizable in habeas corpus and fails on its merits.

## STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (AEDPA) govern the scope of this Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir.2008).  AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam ). *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(footnote omitted) .

When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.  28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

6

determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court has explained, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005).  Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007).  The Court will apply this standard to petitioner's claim.

## CLAIM ONE

In his memorandum in support, petitioner asserts that his due process rights under the Fifth and Fourteenth Amendments and the Ohio Constitution were violated by a defective indictment which failed to allege a culpable mental state.   Petitioner does not make any distinction in his ground for relief between the robbery counts and the aggravated robbery counts.  However, in his memorandum in support and his reply, petitioner's arguments appear to be directed only to the aggravated robbery counts arising under R.C. §2911.01(A)(1).  In his memorandum in support, Doc. #3, at 17, petitioner stated the essence of his claim in the following way, set forth verbatim:

The conclusion by the Court of Appeals that aggravated robbery is a strict

7

liability offense is contrary to Ohio's own statutes and flys in the face of that Court's own logic in deciding that failure to include the mens rea element of "recklessness" as an element of the offense of robbery wa structural error that permeated the entire trial and required remand. The only difference between robbery and aggravated robbery is the presence of a gun and if the absence of the mens rea element in an indictment for robbery is structural error, it is also structural error when omitted as an element of aggravated robbery.

Respondent has also interpreted petitioner's claim as relating only to the aggravated

robbery counts.

The state appellate court rejected petitioner's claim as it related to the aggravated

robbery counts as follows:

{¶ 7} Under the single assignment of error, appellant alleges three separate "Issues Presented For Review." The first two issues presented are interrelated and will therefore be addressed together. In the first issue, appellant argues that his indictment was defective for failing to allege a culpable mental state on the aggravated-robbery and robbery counts, and his convictions should therefore be reversed based on the decision by the Supreme Court of Ohio in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (" Colon I"). In the second issue, appellant argues that a number of the counts in the indictment were duplicitous in that they alleged more than one offense in the same count.

{¶ 8} In *Colon I*, the defendant had been convicted of robbery in violation of R.C. 2911.02(A)(2), which provides that "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." The indictment charging the offense tracked the language of the statute. The defendant argued that the indictment was defective because it failed to specify a culpable mental state for the offense of robbery and therefore failed to include an element of the offense.

{¶ 9} The first question the court considered was what mental state had to be proven to establish the robbery offense. Because R.C. 2911.02(A)(2) does not specifically identify a mental state, the court looked to R.C. 2901.21(B), which provides that "[w]hen the section defining an offense

does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 10} The court held that R.C. 2911.02(A)(2) neither specified culpability nor indicated a purpose to impose strict liability, and consequently the culpable mental state for the offense is recklessness. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 14. The state conceded, and the court concluded, that the indictment was defective because it failed to allege that the defendant had recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. *Id.* at ¶ 15.

{¶ 11} The court then considered whether the deficiency in the indictment could be raised for the first time on appeal. The court found that the deficient indictment in that case constituted structural error and could therefore be raised for the first time on appeal. *Id.* at ¶ 19. The court found that the defective indictment was structural error because the deficiency so permeated the conduct of the trial that it could only be considered structural in nature. *Id.* at ¶ 20. In reaching this conclusion, the court relied on four factors identified in the trial record: (1) the indictment violated the constitutional right to indictment by grand jury by failing to list all elements of the crime charged, (2) the defendant had no notice that the state was required to prove that he had acted recklessly, (3) the state did not argue at trial that the defendant had acted recklessly, nor had the jury been instructed that it had to find the defendant's conduct reckless in order to convict him, and (4) the prosecutor had treated robbery as a strict-liability crime in closing argument. *Id.* at ¶ 29-31.

{¶ 12} The state filed a motion seeking reconsideration of the court's decision. In response, the court issued a decision that while adhering to the original determination that the defective indictment had resulted in structural error, clarified the scope of the decision's applicability. *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 (" *Colon II*"). The court emphasized that plain-error analysis, rather than structural-error analysis, would normally be applied to defective indictment cases and that structural-error analysis should only be applied to cases where the deficiency in the indictment resulted in multiple errors throughout the course of the trial. *Id.* at ¶ 7. The court stated that "[s]eldom will a defective indictment have this effect, and therefore, in

9

most defective indictment cases, the court may analyze the error pursuant to Crim.R. 52(B) plain-error analysis." *Id.* at ¶ 8.

¶ 13} Appellant argues that none of the aggravated-robbery or robbery counts in the indictment specified a culpable mental state, rendering the indictment defective and the convictions void under *Colon I*. The three aggravated-robbery counts in the indictment for which appellant was convicted, Counts 1, 6, and 14, all contained the same language describing the offense: that while committing or attempting to commit a theft offense, appellant had a deadly weapon on or about his person or under his control and indicated that he possessed the weapon. Thus, each of the aggravated-robbery counts set forth the offense of aggravated robbery under R.C. 2911.01(A)(1), which provides that "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

{¶ 14} We have held that aggravated robbery under R.C. 2911.01(A)(1) is a strict-liability offense and that *Colon I* therefore does not apply because the indictment is not required to set forth a culpable mental state for the offense. *State v. Ferguson*, Franklin App. No. 07AP-640, 2008-Ohio-3827, 2008 WL 2932005, citing *State v. Wharf* (1999), 86 Ohio St.3d 375, 715 N.E.2d 172. Consequently, appellant's indictment was not defective as to the aggravated-robbery counts.

*Robinson,* 180 Ohio App.3d at 369-371.

Arguably, since the state appellate court addressed petitioner's claim under state law only, this Court must conduct a *de novo* review. There are three options: the deferential standard [or review] provided under § 2254(d); the *de novo* standard, and the "intermediate approach." *See Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir.2003) (de novo); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000), cert. denied, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001) (discussing alternate standards); *McKenzie v. Smith*,

326 F.3d 721, 726-27 (6th Cir.2003), cert. denied, 540 U.S. 1158, 124 S.Ct. 1145, 157

L.Ed.2d 1057 (2004) (same); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir.2005) (same).

The gist of circuit precedent is that when there is a decision, deference is accorded

under § 2254(d) to the state court decision under the "intermediate approach."

*Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir.2005); *Howard*, 405 F.3d at 467. When

there is no decision or "no results," federal review is *de novo*. *See Wiggins v. Smith*, 539

U.S. at 534, 123 S.Ct. at 2542 (using a *de novo* standard of review when there was no state

court decision on the second prong of the *Strickland* test). When the state court has failed

to articulate a decision or provide a rationale, the district court must distinguish

between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard*, 405

F.3d at 467; *McKenzie*, 326 F.3d at 727. As illustrated in *McKenzie*, the "no reasoning"

situation occurs when the state court has issued a summary order which fails to explain

its reasoning, as opposed to the situation where no state court has "directly addressed

the specific issue." In the latter situation there are "no results" for the federal court to

defer, and de novo review by the federal court is required. See *Wiggins v. Smith*, 539 U.S.

at 534, 123 S.Ct. at 2542; *McKenzie*, 326 F.3d at 727. *Socha v. Wilson*, 447 F.Supp.2d 809,

819 (N.D.Ohio 2007). However, regardless of which standard of review is applied,

petitioner's claim lacks merit for the following reasons.

  To the extent that petitioner alleges a violation of state law or the Ohio

Constitution, such claim fails to present an issue appropriate for federal habeas corpus

relief. A federal court may review a state prisoner's habeas petition only on the grounds

that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. Id. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988).

Petitioner also argues that his Fifth Amendment rights were violated.  The Fifth Amendment to the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.

U.S. Const. Amend. V.  However, that constitutional provision applies only to the federal government and has not been made applicable to the states. *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *see also William v. Haviland*, 467 F.3d 527, 531 (6th Cir.2006). Petitioner therefore has no Fifth Amendment claim.

With respect to any claim under the Fourteenth Amendment, due process mandates that a criminal defendant be provided fair notice of the charges against him so that he may adequately prepare a defense. *Lucas v. O'Dea,* 179 F.3d 412, 417 (6th

Cir.1999); *Koontz v. Glossa*, 731 F.3d 365, 369 (6th Cir.1984).

> Fair notice has been given when "the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial."

*Williams v. Haviland, supra*, 467 F.3d at 535.  Such were the circumstances here.  *See Exhibit 1 to Return of Writ.*  This Court and other courts faced with a claim that this type of indictment violates the Due Process Clause of the Fourteenth Amendment have reached similar results.  *See, e.g. Thompson v. Anderson*, 2010 WL 4025936 (N.D. Ohio March 19, 2010); *Ervin v. Warden, U.S. Penitentiary, Lewisburg, Pennsylvania*, 2010 WL 1257900 (S.D. Ohio January 12, 2010), adopted 2010 WL 1257903 (S.D. Ohio March 31, 2010).  As *Ervin* observed, "the indictment here satisfied due process by advising Petitioner of the precise nature of the charge ... and of the date, time [and] place [when] the offense was alleged to have been committed."  *Id*. at *2.  Consequently, petitioner has not stated a Fourteenth Amendment claim.

## RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal, the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge

14